## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) |
| NORTH CENTRAL ILLINOIS LABORERS' | ) |
|   HEALTH AND WELFARE FUND, | ) |
| NORTHERN ILLINOIS & IOWA LABORERS' | ) |
|   HEALTH & WELFARE FUND, | ) |
| NORTHERN ILLINOIS LABORERS' ANNUITY FUND, | ) |
| ILLINOIS LABORERS AND CONTRACTORS JOINT | ) |
|   APPRENTICESHIP & TRAINING TRUST FUND, | ) |
| NORTH CENTRAL LABORERS-EMPLOYERS | ) |
|   COOPERATION AND   EDUCATION TRUST, | )       20-cv-04183 |
| CENTRAL ILLINOIS LABORERS-EMPLOYERS | ) |
|   COOPERATION AND EDUCATION TRUST, | ) |
| GREAT PLAINS LABORERS' VACATION FUND, | ) |
| MIDWEST REGION FOUNDATION FOR FAIR | ) |
|   CONTRACTING, | ) |
| MIDWEST REGION ORGANIZATION COMMITTEE, | ) |
| and the GREAT PLAINS LABORERS' DISTRICT | ) |
|   COUNCIL WORKING DUES CHECK OFF FUND | ) |
| | ) |
|               Plaintiffs, | ) |
|     v. | ) |
| | ) |
| ABARI CONSTRUCTION, INC., | ) |
| an Illinois corporation, and | ) |
| MIGUEL DIGIOIA, individually, | ) |
| | ) |
|               Defendant(s). | ) |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants ABARI CONSTRUCTION, INC. and MIGUEL DIGIOIA as follows:

## COUNT I
against
ABARI CONSTRUCTION, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.     Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations.  The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.     Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.     Plaintiffs Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5.     ABARI CONSTRUCTION, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois.  Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).  ABARI CONSTRUCTION, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.     ABARI CONSTRUCTION, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements.  Copies of signature pages of such collective bargaining

agreements are attached as *Exhibit A*. ABARI CONSTRUCTION, INC. has never terminated the collective bargaining agreements and they remain in effect.

7.      By virtue of certain provisions contained in the collective bargaining agreement(s), ABARI CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8.      ABARI CONSTRUCTION, INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreements are attached as *Exhibit B*. ABARI CONSTRUCTION, INC. has never terminated the participation agreements and they remain in effect.

9.      By virtue of certain provisions contained in the participation agreement(s), ABARI CONSTRUCTION, INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10.     ABARI CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11.     ABARI CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.     ABARI CONSTRUCTION, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13.     Under the terms of the collective bargaining agreements, participation agreements and trust agreements, ABARI CONSTRUCTION, INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, ABARI CONSTRUCTION, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     In or about March 2020, the Plaintiff Funds conducted an audit of ABARI CONSTRUCTION, INC. for the period January 1, 2019 through December 31, 2019. A copy of that audit is attached as *Exhibit C*. The audit revealed that ABARI CONSTRUCTION, INC. failed and refused to pay all contributions and work dues in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. The unpaid amounts total not less than the following:

Audit Liabilities (01/01/2019 – 12/31/2019): ..................... $38,962.31

**Total:   $38,962.31**

15.     Audit costs, for which ABARI CONSTRUCTION, INC. is liable in accordance with the trust agreements, total not less than $2,176.13. A copy of the audit invoice is attached as *Exhibit D*.

16.     Based on employer reports, ABARI CONSTRUCTION, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Delinquent contributions include but may not be limited to the following:

Delinquent Contributions (05/2018; Local 727):................ $208.23

**Total:** **$208.23**

17.     The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.  ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

18.     Because contributions were not paid when due, ABARI CONSTRUCTION, INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

Audit Liabilities (01/01/2019 – 12/31/2019):................ $3,896.23

**Total:     $3,896.23**

19.     The total amount owed by ABARI CONSTRUCTION, INC. pursuant to the trust agreements is not less than **$45,242.90**, consisting of not less than: $38,962.31 in audit liabilities (i.e., delinquent fringe benefit contributions), $208.23 in report form shortages (i.e., delinquent fringe benefit contributions), $3,896.23 in late payment penalties, and $2,176.13 in audit costs.

20.     ABARI CONSTRUCTION, INC. has failed and refused to pay the amount of $45,242.90 known to be due to Plaintiffs.

21.     Plaintiffs have been required to employ auditors and the undersigned attorneys to identify and pursue collection of the amount due from ABARI CONSTRUCTION, INC.

22.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant."  The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

23.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against ABARI CONSTRUCTION, INC. in favor of Plaintiffs.

B.     Order ABARI CONSTRUCTION, INC. to pay Plaintiffs not less than $45,242.90.

C.     Order ABARI CONSTRUCTION, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

D.     Order ABARI CONSTRUCTION, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.     Grant Plaintiffs such other and further relief as may be just.

## COUNT II
### Against MIGUEL DIGIOIA

1. - 23.     Plaintiffs reallege paragraphs 1 - 23 of Count I.

24.     This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

### Breach of Contract / Trust Agreements

25.     Plaintiffs are advised and believe that MIGUEL DIGIOIA is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of ABARI

6

CONSTRUCTION, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that MIGUEL DIGIOIA is a director of ABARI CONSTRUCTION, INC.

26.    Pursuant to the collective bargaining agreement to which ABARI CONSTRUCTION, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

27.    Pursuant to the trust agreements establishing the Plaintiff Funds, to which ABARI CONSTRUCTION, INC. and MIGUEL DIGIOIA agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

28.    Plaintiffs are informed and believe that MIGUEL DIGIOIA did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making MIGUEL DIGIOIA personally liable for the money owed to the Plaintiff Funds by ABARI CONSTRUCTION, INC.

Piercing the Corporate Veil

29.    There is a unity of interest and ownership between ABARI CONSTRUCTION, INC. and MIGUEL DIGIOIA such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making MIGUEL DIGIOIA personally liable for the money owed to the Plaintiff Funds by ABARI CONSTRUCTION, INC.

<u>Alter Ego and/or Single Employer</u>

30.     Upon information and belief, and at all times material to this complaint, ABARI CONSTRUCTION, INC. and MIGUEL DIGIOIA have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

31.     Based on their nature and activities as alleged the preceding two paragraphs, ABARI CONSTRUCTION, INC. and MIGUEL DIGIOIA constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer.  MIGUEL DIGIOIA is therefore bound by the terms of the Memorandum of Agreement and the trust agreements, making him personally liable for the money owed to the Plaintiff Funds by ABARI CONSTRUCTION, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against MIGUEL DIGIOIA in favor of Plaintiffs.

B.     Order MIGUEL DIGIOIA to pay Plaintiffs $45,242.90, plus any additional amount shown to be due.

C.     Order MIGUEL DIGIOIA to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.     Order MIGUEL DIGIOIA to pay auditors' fees to Plaintiffs.

E.     Order MIGUEL DIGIOIA to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.     Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.


By: /s/ *Richard A. Toth*
    /s/ *Storm Saponaro*
    One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

1143

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this _____ day of _____ 2010, at Rockford, Illinois.

_____     4/29/..
Glen Turpoff                                                  Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

Frank E. Hovar                                    4-28-10
Frank E. Hovar                                              Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: _Abari Construction Inc._____

Address: _556 County Line Road, Suite A, Bensenville, IL, 60106_____

Address: _____

Signature: _____

Date: _4/29/2015_____



RECEIVED
MAY - 4 2015

PLAINTIFF'S EXHIBIT

A

1143

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2014

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. MAKE ONE CHECK.

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, P.O. Box 9090, Peoria, Illinois 61612-9090. MAKE ONE CHECK.

SIGNED this _____17 th_____ day of ____April____, 2014 at Rockford, Illinois.

FOR THE CONTRACTORS

_____                                4/17/14
Glen L. Turpoff                                                  Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____                                4-18-14
Charlie Shempf                                                   Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

NAME:          Abari Construction Inc.

ADDRESS:       556 County Line Road, Suite A, Bensenville, IL. 60106

ADDRESS:       _____

SIGNATURE:     _____

DATE:          4/29/2015



LOCAL UNION NO. 32
Fortunato Salamone, Business Manager
4477 Linden Rd., Suite F
Rockford, Illinois 61109
Phone: (815) 873-8875
Fax: (815) 873-8972

LOCAL UNION NO. 727
Ken Diehl, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318

RECEIVED
MAY - 4 2015

-30-

GREAT PLAINS LABORERS' DISTRICT COUNCIL

AFFILIATED WITH

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

AFL-CIO

4208 W. Partridge Way, Unit #2, Peoria, IL 61615

**MEMORANDUM OF AGREEMENT**

THIS AGREEMENT is entered into by and between the undersigned, herein called the "EMPLOYER" and the GREAT PLAINS LABORERS' DISTRICT COUNCIL, herein called the "UNION", representing and encompassing Local Unions Nos. 32, 43, 165, 177, 231, 309, 353, 362, 393, 538, 620, 727, 751, 996, and 1140 together with any other locals which may come within the jurisdiction of the UNION.

1.    The EMPLOYER hereby recognizes the UNION as the sole and exclusive bargaining representative for all laborers employed by the EMPLOYER in the geographical areas encompassed by the above listed local unions with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

2.    The EMPLOYER herein adopts all of those Collective Bargaining Agreements between the UNION and the NORTHERN ILLINOIS BUILDING CONTRACTORS ASSOCIATION, NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, ILLINOIS VALLEY CONTRACTORS ASSOCIATION, WESTERN ILLINOIS CONTRACTORS ASSOCIATION, GREATER PEORIA CONTRACTORS AND SUPPLIERS ASSOCIATION, INC., BUILDERS ASSOCIATION OF TAZEWELL COUNTY, INC., HIGHWAY AND HEAVY CONSTRUCTION CONTRACTORS ASSOCIATION OF TAZEWELL AND FULTON COUNTIES, QUAD-CITY BUILDERS ASSOCIATION, INC., THE ASSOCIATED CONTRACTORS OF THE QUAD CITIES, THE ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS, CENTRAL ILLINOIS BUILDERS OF A.G.C., McLEAN COUNTY CONTRACTORS GROUP, KANKAKEE AREA CONTRACTORS ASSOCIATION, INC., HEAVY HIGHWAY CONTRACTORS ASSOCIATION, AGC OF IOWA, and all other employer associations with whom the UNION or any of its affiliated locals has a duly negotiated and executed bargaining agreement, and adopts all such agreements together with all amendments thereto.

3.    The EMPLOYER agrees that where work is performed in the jurisdiction of any of the above listed locals, the EMPLOYER will be bound by the terms and conditions of the Collective Bargaining Agreement then in effect within that jurisdictional area.  In the event that there is a conflict between this Agreement and the agreement of any local union in which the EMPLOYER may be performing work, the EMPLOYER agrees that the prevailing local agreement shall supersede this Agreement so far as it respects rates of pay, wages, hours of employment and other terms and conditions of employment. Nothing herein shall be construed as limiting the jurisdiction of the UNION and the EMPLOYER specifically agrees that such jurisdiction is continuous with that of the aforementioned locals.

4. The EMPLOYER agrees to pay the amounts which the EMPLOYER is bound to pay under the Collective Bargaining Agreements to the CENTRAL LABORERS' PENSION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, to the ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, to the LABORERS' LOCAL 231 HEALTH AND WELFARE FUND, to the LABORERS' LOCAL 231 PENSION FUND, to the NORTHERN ILLINOIS AND IOWA LABORERS' HEALTH AND WELFARE TRUST, to the CENTRAL LABORERS' ANNUITY FUND, to the NORTHERN ILLINOIS ANNUITY FUND, to the GREAT PLAINS LABORERS' ANNUITY FUND,  to the

LABORERS' LOCAL 231 ANNUITY FUND, to the LABORERS' OF ILLINOIS VACATION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST, to the MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, to the MIDWEST REGION ORGANIZING COMMITTEE, to the LABORERS' POLITICAL LEAGUE, and any other BENEFIT FUND which may hereafter be created or established pursuant to any of the forgoing COLLECTIVE BARGAINING AGREEMENTS (FRINGE BENEFIT FUNDS), and to be bound by and be considered a party to the Agreements and Declaration of Trust creating said Trust Funds as if EMPLOYER had signed and received the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the trust instruments.

The EMPLOYER further affirms and reestablishes that all prior contributions paid to the FRINGE BENEFIT FUNDS were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions, the EMPLOYER evidenced the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made and acknowledges the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements as required by Section 302 of the Labor-Management Relations Act. The EMPLOYER further agrees to be bound by all terms and conditions of the Trust Agreements including all requirements of audit, delinquency payments, costs, accountants' fees and attorney's fees where applicable. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Fringe Benefit Funds by the EMPLOYER and where such audit discloses a willful violation of any of the requirements of the Trust Agreements, the officers and directors of the EMPLOYER, if a corporation, or the owner or partners of the EMPLOYER, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fringe Benefit Fund as a result of such conduct.

5. Nothing in this Agreement shall be construed to change the scope or type of work traditionally performed by laborers. The EMPLOYER agrees not to contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure, or other work, except to a person, firm or corporation party to an appropriate Collective Bargaining Agreement with the appropriate local and with the UNION. If an EMPLOYER, bound by this Agreement, contracts or subcontracts any work covered by this Agreement to be done at the job site of the construction, alteration, or repair of a building, structure or other work to any person or proprietor who is not a signatory to this Agreement, and an appropriate local bargaining agreement, the EMPLOYER shall require such subcontractor to be bound to all the provisions of this agreement and the local bargaining agreement, or such EMPLOYER shall maintain daily records of the subcontractors' employees job site hours and be liable for payment of these employees' wages, travel, health and welfare, pension, annuity, vacation, labor management and training fund contributions in accordance with this Agreement.

6. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change, it shall be provided in the instrument effecting the change that a new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

1143

7.    The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 2017, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _30th_ day of _April_, 20_15_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _727_

_____
(Business Manager)


GREAT PLAINS LABORERS'
DISTRICT COUNCIL

_____
(Business Manager)


Abari Construction Inc.
_____
(Contractor Name)

_____
(Signature)

Miguel DiGioia - President
_____
(Name & Title)

556 County Line Road, Suite A
_____
(Address)

Bensenville, IL. 60106
_____
(City, State & Zip Code)

630-766-6676
_____
(Telephone Number)

630-766-6788
_____
(Facsimile Number)

36-2986276
_____
(Federal Employer Identification Number)



RECEIVED
MAY - 4 2015

## CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS

### CONSTRUCTION INDUSTRY PARTICIPATION AGREEMENT

1.  **Detailed Written Agreement.** This Participation Agreement (hereinafter "Agreement") is entered into between the undersigned employer (hereinafter "Employer") and the Central Laborers' Pension, Welfare and Annuity Funds and such other employee benefit funds, labor-management funds, labor organizations or other funds referenced herein or in the applicable collective bargaining agreements for which the Central Laborers' Pension, Welfare and Annuity Funds act as the collection agent (hereinafter collectively "Funds"). The Employer hereby agrees that this document represents the detailed written agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer.

2.  **Trust Agreements.** The Employer hereby agrees to be bound by each of the Funds' Agreement and Declaration of Trust, as amended, or such other governing document establishing the Funds, as amended (hereinafter "Trust Agreements"), as though the Employer had actually signed the same.

3.  **Collective Bargaining Agreements.** The Employer hereby agrees and acknowledges that it is a party to and is bound by the written "area-wide" collective bargaining agreement(s) (hereinafter "CBA" or "CBAs") that are covered by the scope of this Agreement as described in Section 4(a) through (c) of this Agreement. The Employer agrees and acknowledges that it shall remit contributions to the Funds for each hour worked by the employees of the Employer who are performing work covered by and within the scope and geographic area of each CBA for the duration of each such CBA. The Employer further agrees that it is bound by any amendments, renewals or extensions of such CBAs that are agreed to by the Employer Associations, if applicable, and Local Union or District Council signatory thereto or which otherwise become effective. Each CBA covered by the scope of this Agreement as described in Section 4(a) through (c) of this Agreement is incorporated herein as if fully set forth herein.

4.  **Scope of Participation Agreement.** Unless otherwise specifically agreed to, in writing, by the Funds, this Agreement obligates the Employer to:

    (a).  Remit contributions to the Funds for each hour worked by the employees of the Employer who are performing work covered by and within the scope and geographic area of a CBA which the Employer has executed and which requires the Employer's participation in the Funds;

    (b).  Remit contributions to the Funds for each hour worked by the employees of the Employer who are performing work covered by and within the scope and geographic area of a CBA which the Employer has not executed but under which the Employer is (or, if applicable, has been) remitting contributions to the Funds; and

    (c).  Remit contributions to the Funds for each hour worked by the employees of the Employer who are performing work covered by and within the scope and geographic area of the applicable CBA which is in effect in the jurisdiction of the Local Union that has executed this Agreement and which requires the Employer's participation in the Funds;

5.  **Contributions.** The Employer agrees to make contributions or other payments to the Funds on behalf of all employees, as defined in the Trust Agreements and applicable CBA's, who are performing work covered by and within the scope and geographic area of the applicable CBA's for the duration of the CBA's, and any amendments, renewals or extensions thereof.

    For the purposes of this Agreement, the phrase "each hour worked" shall mean each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable agreements, shall be counted as hours for which contributions are payable.

6.  **Contribution Rates.** Unless the Employer provides the Funds with a separate written agreement or addendum specifying the applicable contribution rates signed by the Employer and the applicable Local Union or District Council and which is specifically approved by the Funds, the Employer hereby agrees to pay contributions to the Funds in the amounts set forth in the applicable CBA or wage addendum to the applicable CBA that is in effect and which applies to the time period for which the hours were worked by the Employer's employees. It is expressly understood and agreed that the contribution rates may change or vary with the geographical location of the Employer's jobs or that the rates may increase and/or decrease from time to time pursuant to the Trust Agreements or applicable CBAs.

7.  **Rehabilitation Plan.** Unless the applicable Local Union and/or District Council and the Employer execute a separate schedule to the Pension Fund's Rehabilitation Plan (and provide the same to the Pension Fund), the Employer hereby agrees that it is a signatory to the applicable schedule to the Pension Fund's Rehabilitation Plan that was adopted by the Local Union and/or District Council and Employer Association who are the negotiating parties to the applicable CBA to which the Employer is a signatory and which CBA governs the type of work performed by the employees of the Employer for which the Employer is remitting contributions to the Funds; provided however, the Employer must have remitted the contribution rates that are linked to and which correlate to such schedule (e.g., *payment of the "Preferred Schedule" rates results in the Employer adopting the "Preferred Schedule"*). The Employer agrees to be bound by such schedule for the duration of the applicable CBA. Unless the Employer and applicable Local Union and District Council otherwise agree (and provide written notice of the same to the Pension Fund), the Employer also agrees and acknowledges that the Employer shall be subject to the applicable schedule to the Pension Fund's Rehabilitation Plan that is linked to and which correlates with the contribution rates paid by the Employer for all hours for which the Pension Fund has not received a separate signed schedule to the Rehabilitation Plan on file from the Employer.

8.  **Reporting Obligations.** The Employer agrees to make and report the required contributions monthly and in such manner as required by the Funds for all employees as defined in the Trust Agreements and applicable CBA's. As specified in the Trust Agreements, the Funds shall have the authority to have their designee review and examine all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

9.  **Compliance with Agreement.** If an Employer fails to pay contributions as required by the Trust Agreements and this Agree shall have the right to take necessary steps to secure compliance with this Agreement and the Trust Agreements, any other p

**PLAINTIFF'S EXHIBIT**

B



the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees**. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status**. It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's**. The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date**. Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority**. The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

EMPLOYER

Abari Construction Inc.
Name of Business

556 County Line Road, Suite A
Address

Bensenville, IL 60106
City/State/Zip Code

630-766-6676
Telephone

Authorized Signature

President
Title

4/29/2015
Date

CENTRAL LABORERS' FUNDS

Authorized Signature

Executive Director
Title

LOCAL UNION

Territory in which Agreement signed: Local 727

Authorized Signature

Business Manager
Title

4-30-2015
Date

**STATEMENT OF ADDITIONAL**
**REPORTABLE HOURS DUE FOR**
**ABARI CONSTRUCTION**
**ON BEHALF OF THE**
**CENTRAL LABORERS' PENSION,**
**WELFARE AND ANNUITY FUNDS**
**FOR THE PERIOD**
**JANUARY 1, 2019 THROUGH DECEMBER 31, 2019**

**PLAINTIFF'S**
**EXHIBIT**

C



1700 W. LUTHY DRIVE, PEORIA IL 61615
PHONE 309.682.2001 • FAX 309.682.2045 • romolocpa.com

Central Laborers' Pension,
Welfare and Annuity Funds
Jacksonville, Illinois

We have performed the procedures enumerated on the attached supplement, which were
agreed to by the Central Laborers Pension, Welfare, & Annuity Funds (the Fund), solely to
assist you with respect to the selected payroll and related records of Abari Construction (the
employer) for the period of January 1, 2019 through December 31, 2019. The employer's
management is responsible for the employer records provided to us. These procedures were
designed to determine if the data submitted by the Employer is in compliance with the reporting
provisions of the collective bargaining agreements, participation agreements, and Central
Laborers Pension, Welfare, & Annuity Funds' Trust Agreements. The sufficiency of the
procedures is solely the responsibility of those parties specified in the report. Consequently, we
make no representation generally regarding the sufficiency of the procedures described in the
attached supplement either for the purpose for which this report has been requested or for any
other purpose.

The scope of this engagement is limited to records made available by the employer
and would not necessarily disclose all exceptions in employer contributions to the
Fund. Any compensation paid to employees not disclosed to us or made part of the
written record was not determinable by us and was not included in our review.

Our procedures performed are found on the attached supplement.

In connection with the above procedures, certain matters came to our attention that resulted in
findings of additional Employer contributions, as shown in the summary of amounts due, were
due to the Funds in the amount of $38,972.31.

In addition, the accompanying notes herein identify any special circumstances that we believe
the Trustees should consider in evaluating this report. These notes are an integral part of this
report and should be reviewed to completely understand this report.

Our procedures were related to an examination of the employer's payroll records provided
to us and did not extend to any financial statements of the contributing employer. The
procedures were substantially less in scope than an audit of the financial statements of the
contributing employer, the objective of which is the expression of an opinion on the
contributing employer's financial statements. Accordingly, no such opinion is expressed.
Had we performed additional procedures other matters might have come to our attention that
would have been reported to you.

This report is intended solely for the information of the Central Laborers Pension, Welfare, & Annuity Funds and is not intended to be and should not be used by anyone other than those specified parties.



Romolo & Associates, LLC
Certified Public Accountants
Peoria, IL
April 7, 2020

**ABARI CONSTRUCTION**
**NOTES TO CONSULTING PROCEDURES**
**JANUARY 1, 2019 THROUGH DECEMBER 31, 2019**

## NOTE 1    UNREPORTED HOURS

Prior to our examination, the Fund provided us with paycheck stubs for Leonardo Barajas and Trevor Faivre showing that they had performed work for the employer, but the hours were not reported to the Fund. During our examination, we identified these hours from the employer's payroll records. In May 2019, the hours in the payroll records for both of these individuals exceeded the number of hours from the May 2019 paycheck stubs. In this month, we used the number of hours from the employer's monthly payroll records when we showed the hours as due. We also identified several other employees who had not been reported to the Fund for work performed after March 2019. Therefore, all of these hours have been shown as due in our report under Local 32*.

| Abari Construction | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| TOTAL SUMMARY OF AMOUNTS DUE | | | | | | | | |
| January 1, 2019 | | To | December 31, 2019 | | | | | |
| | | | | | | 2019 | | TOTAL |
| PENSION | | | | | | $ 7,344.00 | $ | 7,344.00 |
| PENSION SUPP | | | | | | $ 7,873.96 | $ | 7,873.96 |
| WELFARE NC | | | | | | $ 8,485.70 | $ | 8,485.70 |
| WELFARE NI | | | | | | $ 734.40 | $ | 734.40 |
| ANNUITY NI | | | | | | $ 8,163.16 | $ | 8,163.16 |
| TRAINING | | | | | | $ 816.00 | $ | 816.00 |
| LECET NC | | | | | | $ 199.90 | $ | 199.90 |
| MRFFC NC | | | | | | $ 118.30 | $ | 118.30 |
| MROC NC | | | | | | $ 255.04 | $ | 255.04 |
| CHECK OFF NC | | | | | | $ 51.04 | $ | 51.04 |
| VACATION NC | | | | | | $ 2,813.10 | $ | 2,813.10 |
| WORKING DUES | | | | | | $ 2,117.71 | $ | 2,117.71 |
| | | | | | | | | |
| TOTAL DUE | | | | | | $ 38,972.31 | $ | 38,972.31 |

### Abari Construction - CLPWAF
### Unreported Regular Hours
### For period 1/1/2019 - 12/31/2019
### Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANCONA,PAOLO,,,,, | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 |
| BARAJAS, LEONARD | 0.00 | 0.00 | 0.00 | 81.00 | 40.00 | 78.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 199.50 |
| DELGADO, DIEGO | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 |
| FAIVRE,TREVOR,L,,,, | 0.00 | 0.00 | 0.00 | 127.50 | 84.00 | 148.50 | 33.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 393.00 |
| PEREZ,EZEQUIEL | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | 9.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17.50 |
| RODRIGUEZ, EFRAN | 0.00 | 0.00 | 0.00 | 89.50 | 48.00 | 16.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 154.00 |
| Rodriguez, Manuel H | 0.00 | 0.00 | 0.00 | 0.00 | 11.00 | 73.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 84.50 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 330.00 | 191.00 | 326.50 | 33.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 880.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $2,376.00 | $1,375.20 | $2,350.80 | $237.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,339.60 |
| PENSION SUPP | $0.00 | $0.00 | $0.00 | $2,405.71 | $1,529.91 | $2,615.29 | $264.33 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,815.24 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $2,706.00 | $1,604.40 | $2,742.60 | $277.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,330.20 |
| WELFARE NI | $0.00 | $0.00 | $0.00 | $237.60 | $137.52 | $235.08 | $23.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $633.96 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $2,481.60 | $1,528.00 | $2,612.00 | $264.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,885.60 |
| TRAINING | $0.00 | $0.00 | $0.00 | $264.00 | $152.80 | $261.20 | $26.40 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $704.40 |
| LECET NC | $0.00 | $0.00 | $0.00 | $62.71 | $38.20 | $65.30 | $6.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $172.81 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $36.31 | $22.92 | $39.18 | $3.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $102.37 |
| MROC NC | $0.00 | $0.00 | $0.00 | $82.51 | $47.75 | $81.65 | $8.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $220.16 |
| CHECK OFF NC | $0.00 | $0.00 | $0.00 | $16.51 | $9.55 | $16.35 | $1.65 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $44.06 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $792.00 | $573.00 | $979.50 | $99.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,443.50 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $11,460.95 | $7,019.25 | $11,998.95 | $1,212.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $31,691.90 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | |
| PENSION SUPP | 7.290 | 7.290 | 7.290 | 7.290 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | |
| WELFARE NC | 8.200 | 8.200 | 8.200 | 8.200 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | |
| WELFARE NI | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | |
| ANNUITY NI | 7.520 | 7.520 | 7.520 | 7.520 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | |
| TRAINING | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | |
| LECET NC | 0.190 | 0.190 | 0.190 | 0.190 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | |
| MRFFC NC | 0.110 | 0.110 | 0.110 | 0.110 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| MROC NC | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | |
| CHECK OFF NC | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| VACATION NC | 2.400 | 2.400 | 2.400 | 2.400 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | |

## Abari Construction - CLPWAF
## Unreported Regular Hours
## For period 1/1/2019 - 12/31/2019
## Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RORIGUEZ, THOMAS** | 0.00 | 0.00 | 0.00 | 81.50 | 40.00 | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 139.50 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 81.50 | 40.00 | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 139.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $586.80 | $288.00 | $129.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,004.40 |
| PENSION SUPP | $0.00 | $0.00 | $0.00 | $594.14 | $320.40 | $144.18 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,058.72 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $668.30 | $336.00 | $151.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,155.50 |
| WELFARE NI | $0.00 | $0.00 | $0.00 | $58.68 | $28.80 | $12.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $100.44 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $612.88 | $320.00 | $144.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,076.88 |
| TRAINING | $0.00 | $0.00 | $0.00 | $65.20 | $32.00 | $14.40 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $111.60 |
| LECET NC | $0.00 | $0.00 | $0.00 | $15.49 | $8.00 | $3.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $27.09 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $8.97 | $4.80 | $2.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $15.93 |
| MROC NC | $0.00 | $0.00 | $0.00 | $20.38 | $10.00 | $4.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $34.88 |
| CHECK OFF NC | $0.00 | $0.00 | $0.00 | $4.08 | $2.00 | $0.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6.98 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $195.60 | $120.00 | $54.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $369.60 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $2,830.52 | $1,470.00 | $661.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,962.02 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | |
| PENSION SUPP | 7.290 | 7.290 | 7.290 | 7.290 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | |
| WELFARE NC | 8.200 | 8.200 | 8.200 | 8.200 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | |
| WELFARE NI | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | |
| ANNUITY NI | 7.520 | 7.520 | 7.520 | 7.520 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | |
| TRAINING | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | |
| LECET NC | 0.190 | 0.190 | 0.190 | 0.190 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | |
| MRFFC NC | 0.110 | 0.110 | 0.110 | 0.110 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| MROC NC | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | |
| CHECK OFF NC | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| VACATION NC | 2.400 | 2.400 | 2.400 | 2.400 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | |

**Abari Construction - CLPWAF**
**Unreported Regular Hours**
**For period 1/1/2019 - 12/31/2019**
**Local: 32\***

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Unreported Regular Hours for Local: 32\*** | | | | | | | | | | | | | |
| | 0.00 | 0.00 | 0.00 | 411.50 | 231.00 | 344.50 | 33.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1020.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $2,962.80 | $1,663.20 | $2,480.40 | $237.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,344.00 |
| PENSION SUPP | $0.00 | $0.00 | $0.00 | $2,999.85 | $1,850.31 | $2,759.47 | $264.33 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,873.96 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $3,374.30 | $1,940.40 | $2,893.80 | $277.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,485.70 |
| WELFARE NI | $0.00 | $0.00 | $0.00 | $296.28 | $166.32 | $248.04 | $23.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $734.40 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $3,094.48 | $1,848.00 | $2,756.00 | $264.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,962.48 |
| TRAINING | $0.00 | $0.00 | $0.00 | $329.20 | $184.80 | $275.60 | $26.40 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $816.00 |
| LECET NC | $0.00 | $0.00 | $0.00 | $78.20 | $46.20 | $68.90 | $6.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $199.90 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $45.28 | $27.72 | $41.34 | $3.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $118.30 |
| MROC NC | $0.00 | $0.00 | $0.00 | $102.89 | $57.75 | $86.15 | $8.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $255.04 |
| CHECK OFF NC | $0.00 | $0.00 | $0.00 | $20.59 | $11.55 | $17.25 | $1.65 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $51.04 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $987.60 | $693.00 | $1,033.50 | $99.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,813.10 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $14,291.47 | $8,489.25 | $12,660.45 | $1,212.75 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $36,653.92 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | 7.200 | |
| PENSION SUPP | 7.290 | 7.290 | 7.290 | 7.290 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | 8.010 | |
| WELFARE NC | 8.200 | 8.200 | 8.200 | 8.200 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | 8.400 | |
| WELFARE NI | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | 0.720 | |
| ANNUITY NI | 7.520 | 7.520 | 7.520 | 7.520 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | |
| TRAINING | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | 0.800 | |
| LECET NC | 0.190 | 0.190 | 0.190 | 0.190 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | |
| MRFFC NC | 0.110 | 0.110 | 0.110 | 0.110 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| MROC NC | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | |
| CHECK OFF NC | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| VACATION NC | 2.400 | 2.400 | 2.400 | 2.400 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | 3.000 | |

**Abari Construction - CLPWAF**
**Unreported Overtime Hours**
**For period 1/1/2019 - 12/31/2019**
**Local: 32***

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BARAJAS, LEONARD** | 0.00 | 0.00 | 0.00 | 0.50 | 0.00 | 0.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.75 |
| **FAIVRE,TREVOR,L,,,,** | 0.00 | 0.00 | 0.00 | 0.75 | 7.50 | 5.25 | 2.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 |
| **PEREZ,EZEQUIEL** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.75 |
| **RODRIGUEZ, EFRAN** | 0.00 | 0.00 | 0.00 | 0.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.75 |
| **Rodriguez, Manuel H** | 0.00 | 0.00 | 0.00 | 0.00 | 1.50 | 4.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.25 |
| **RORIGUEZ, THOMAS** | 0.00 | 0.00 | 0.00 | 0.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.75 |
| **Unreported Overtime Hours** | 0.00 | 0.00 | 0.00 | 2.75 | 9.00 | 11.00 | 2.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 25.25 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PENSION SUPP | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| WELFARE NI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $20.68 | $72.00 | $88.00 | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $200.68 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| LECET NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MROC NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| CHECK OFF NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $20.68 | $72.00 | $88.00 | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $200.68 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| PENSION SUPP | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| WELFARE NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| WELFARE NI | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| ANNUITY NI | 7.520 | 7.520 | 7.520 | 7.520 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | 8.000 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| LECET NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| MRFFC NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| MROC NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| CHECK OFF NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| VACATION NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |

## Abari Construction - CLPWAF
## Unreported Gross Wages
## For period 1/1/2019 - 12/31/2019
## Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANCONA,PAOLO,,,,, | $0.00 | $0.00 | $0.00 | $1,025.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,025.28 |
| BARAJAS, LEONARD | $0.00 | $0.00 | $0.00 | $3,117.38 | $1,556.56 | $3,077.55 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,751.49 |
| DELGADO, DIEGO | $0.00 | $0.00 | $0.00 | $0.00 | $341.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $341.76 |
| FAIVRE,TREVOR,L,,,, | $0.00 | $0.00 | $0.00 | $4,905.57 | $3,568.56 | $6,008.55 | $1,387.34 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $15,870.02 |
| PEREZ,EZEQUIEL | $0.00 | $0.00 | $0.00 | $341.76 | $0.00 | $448.13 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $789.89 |
| RODRIGUEZ, EFRAN | $0.00 | $0.00 | $0.00 | $3,855.48 | $2,050.56 | $712.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,618.92 |
| Rodriguez, Manuel H | $0.00 | $0.00 | $0.00 | $0.00 | $534.00 | $3,413.09 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,947.09 |
| RORIGUEZ, THOMAS | $0.00 | $0.00 | $0.00 | $3,513.72 | $1,708.80 | $786.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,009.48 |
| **Unreported Total Gross Wage** | $0.00 | $0.00 | $0.00 | $16,759.19 | $9,760.24 | $14,447.16 | $1,387.34 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $42,353.93 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $0.00 | $837.96 | $488.02 | $722.36 | $69.37 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,117.71 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $837.96 | $488.02 | $722.36 | $69.37 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,117.71 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | 5.00% | |



ROMOLO
& ASSOCIATES, LLC
CERTIFIED PUBLIC ACCOUNTANTS

1700 W. LUTHY DRIVE, PEORIA IL 61615
PHONE 309.682.2001 • FAX 309.682.2045 • romolocpa.com

April 7, 2020

Central Laborers P,W&A Fund
P.O. Box 1267
Jacksonville, IL 62651

Invoice #      27821

For professional services rendered in connection with the fringe
benefit payroll compliance examination on behalf of the:

Central Laborers Pension, Welfare, & Annuity Funds for Abari Construction for the period
January 1, 2019 through December 31, 2019:

| | |
|---|---:|
| Scheduling | 75.00 |
| Field Work | 1,762.50 |
| Processing | 157.50 |
| Mileage (315 mi. @ $.575) | 181.13 |



RECEIVED
APR 2 4 2020

PAYABLE UPON RECEIPT          TOTAL                    $      2,176.13

PLAINTIFF'S
EXHIBIT

D

